IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,221






EX PARTE JIMMY CANTU, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NUMBER C-371-006878-0696891-A 


FROM TARRANT COUNTY






 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Article 11.07, § 3, et seq., V.A.C.C.P. Applicant was convicted of
possession with the intent to deliver a controlled substance and sentenced to ten years in
prison. No notice of appeal was filed.

 Applicant contends that he was denied his right to appeal. The trial court entered
findings of fact and conclusions of law recommending that Applicant be granted an out-of-time appeal. We agree. In his affidavit counsel states that Applicant informed him that he
wanted to appeal, and that he failed to file a notice of appeal or move to withdraw from the
case. Knowing that Applicant wanted to appeal, counsel had the duty to file a timely notice
of appeal. Jones v. State, 98 S.W.3d 700, 702 (Tex. Crim. App. 2003); Ex parte Axel, 757
S.W.2d 369, 374 (Tex. Crim. App. 1988). 

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number C-371-006878-0696891-A from the 371st District Court of
Tarrant County. The proper remedy in a case such as this is to return Applicant to the point
at which he can give notice of appeal. For purposes of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the conviction had been entered on the day
that the mandate of this Court issues. We hold that should Applicant desire to prosecute an
appeal, he must take affirmative steps to see that notice of appeal is given within thirty (30)
days after this Court's mandate has issued.


DO NOT PUBLISH

DELIVERED: August 31, 2005