

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,731-01

### EX PARTE PAUL CODY TEAGUE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W-28243-B-1 IN THE 181ST DISTRICT COURT FROM RANDALL COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of two counts of sexual assault, one count of aggravated sexual assault, and one count of aggravated kidnapping. The trial court assessed a life sentence in each count. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to a direct appeal of the convictions through no fault of his own because, although Applicant timely expressed his desire to appeal, appellate counsel was not appointed until after time for filing a notice of appeal had already passed. The State requests that this Court "grant relief as to Applicant's sole ground of relief in order to permit an out-of-time appeal."

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of his convictions in cause number 28243B from the 181st District Court of Randall County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. All deadlines shall be calculated as if Applicant was sentenced on the date of this Court's mandate. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:     January 29, 2020
Do not publish