

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,290-01

**EX PARTE MATTHEW LEE MCQUEEN, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 12744-A IN THE 32ND DISTRICT COURT
## FROM NOLAN COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of engaging in organized criminal activity and sentenced to fifty-four years' imprisonment. Applicant, through habeas counsel, filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because counsel failed to timely file a notice of appeal. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall make findings of fact and conclusions of law as to whether

Applicant was denied his right to an appeal because trial counsel failed to timely file a notice of appeal.  The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order.  The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:  October 7, 2020
Do not publish