

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,814-01

### EX PARTE MELANIE SUE KNIGHTEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 13F0483-102-A IN THE 102ND DISTRICT COURT FROM BOWIE COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of possession of a controlled substance and sentenced to two years' imprisonment. She filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that she was denied her right to an appeal. The trial court finds that the claim should be granted. According to the trial court:

> Applicant has shown (by her pro se filing of a Notice of Appeal) that she desired an appeal. The record reflects her counsel failed to file a Notice of Appeal and was still attorney of record during the time period for filing Notice of Appeal. The Court finds Applicant is entitled to an out of time appeal.

Trial counsel, however, has not addressed the late appeal issue.

This Court has held that trial counsel's representation does not terminate at the end of trial, and counsel cannot "bow out" of representation without notice to the court. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003), this Court outlined the steps counsel must take to preserve a defendant's appellate rights. This Court wrote:

> Trial counsel's responsibilities consist of a two-step process. First, the attorney must ascertain whether the defendant wishes to appeal. The decision to appeal lies solely with the defendant.... If the defendant does not wish to appeal, trial counsel's representation ends. If the defendant decides to appeal, the attorney must ensure that written notice of appeal is filed with the trial court. At this point, trial counsel has two options. He may sign the notice himself, in which case, he effectively "volunteers" to serve as appellate counsel. Alternatively, the defendant may file the notice pro se, which serves as "an indication that trial counsel 'does not wish to pursue his client's appeal.'" A "contemporaneous" presentation of the pro se notice with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal.

The record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond whether she informed Applicant of her appellate rights and whether Applicant asked trial counsel to file a notice of appeal. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name. The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied her right to an appeal through no fault of her own. The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 13, 2021
Do not publish