

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,574-01

### EX PARTE JEFF MARTINEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1454459-A IN THE 351ST DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Applicant was convicted of manslaughter and sentenced to ten years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he was denied his right to an appeal because counsel failed to timely file a notice of appeal. Based on the record, the trial court has found that counsel failed to timely file a notice of appeal.

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of his conviction in cause number 145445901010 from the 351ST District Court of Harris County. Within ten days

from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. All deadlines shall be calculated as if Applicant was sentenced on the date of this Court's mandate. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate. To the extent that Applicant raised claims in this writ application challenging the validity of his conviction or sentence, those claims are dismissed. *Ex parte Torres*, 943 S.W.3d 469, 472–73 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: April 21, 2021
Do not publish