

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-92,771-01, WR-92,771-02 & WR-92,771-03

### EX PARTE ZACHERY LUCERO, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. A-19-0593-SA, A-19-0597-SA & A-19-0600-SA IN THE 51ST DISTRICT COURT FROM TOM GREEN COUNTY

*Per curiam.*

## O P I N I O N

Applicant was convicted of unauthorized use of a motor vehicle, burglary of a habitation, and aggravated robbery and sentenced to 365 days state jail, 765 days state jail, and twenty-five years' imprisonment for each count, respectively. He filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because counsel failed to timely file a notice of appeal. Based on the record, the trial court has found that counsel failed to timely file a notice of appeal.

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*,

98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of his convictions in cause numbers A-19-0593-SA, A-19-0597-SA & A-19-0600-SA from the 51st District Court of Tom Green County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. All deadlines shall be calculated as if Applicant was sentenced on the date of this Court's mandate. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: June 23, 2021
Do not publish