**Patrick Allen JONES, Appellant,**

v.

**The STATE of Texas.**

No. 1084–00.

Court of Criminal Appeals of Texas, En banc.

Feb. 26, 2003.

Ned Gill, Houston, for Appellant.

Michael W. Elliott, Assistant District Attorney, Richmond, Matthew Paul, State's Attorney, Austin, for the State.

## OPINION

WOMACK, J., delivered the opinion for a unanimous Court.

The appellant was convicted of sexual assault, and on July 10, 1998, he was sentenced to two years' imprisonment and placed on community supervision for ten years. On July 28, within thirty days of sentencing, his trial attorney filed a "Motion to Withdraw and Defendant's Request for Court Appointed Counsel" with an attached affidavit of indigency with the trial court. The motion to withdraw stated that the appellant would "fill out a financial document and affidavit of indigency" and would request appointed counsel for appeal. The trial judge granted trial counsel's withdrawal from the case, but did not appoint appellate counsel. The appellant did not file written notice of appeal. On June 24, 1999, the appellant filed a pauper's oath, a request for permission to file an out-of-time appeal, and a request for appointment of counsel. He later filed a pro se application for writ of habeas corpus with the trial court pursuant to Code of Criminal Procedure articles 11.05, 11.07 section 2, and 11.08. Upon the appellant's request, the trial court appointed counsel for the habeas corpus proceeding, and the appellant filed an amended application that requested an out-of-time appeal. The trial court denied relief, and the appellant appealed. The court of appeals held that because the appellant did not file a written notice of appeal or a motion for new trial, he failed to inform the trial court of his desire to appeal or the need to appoint appellate counsel.[1] Therefore, the trial court did not err in denying the appellant's request for an out-of-time appeal.

We must now decide whether the appellant sufficiently manifested his desire to appeal so as to put the trial court on notice that it must determine whether the appellant was indigent and, if so, appoint appellate counsel. The appropriate starting point is to consider the issue in light of our holding in *Ex parte Axel*, 757 S.W.2d 369 (Tex.Cr.App.1988). In *Axel*, we set forth the independent duties of both trial counsel and the trial court with respect to the initial stages of the appellate process.

### Duties of Trial Counsel

Recognizing that in order "for an unknowing defendant to learn of his appellate rights someone must advise him of them," we indicated that "trial counsel is not only the best source of such advice but also that it is his duty as an attorney to give it[.]" *Id.* at 373. Trial counsel's representation does not end upon sentencing, but rather, continues in the form of advising the defendant as to his right to appeal and assisting him in making an informed decision whether to exercise that right. *Id.* We held:

> [T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning meaning and effect of

---

1. *Jones v. State*, No. 14–99–878 CR, 2000 WL 19149 (Tex.App.-Houston [14th Dist.], January 13, 2000)(unpublished).

the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal.

*Id.* at 374.

[redacted] Trial counsel's responsibilities consist of a two-step process. First, the attorney must ascertain whether the defendant wishes to appeal. The decision to appeal lies solely with the defendant, and the attorney's duty is to advise him as to the matters described above. If the defendant does not wish to appeal, trial counsel's representation ends. If the defendant decides to appeal, the attorney must ensure that written notice of appeal is filed with the trial court.[2] At this point, trial counsel has two options. He may sign the notice himself, in which case, he effectively "volunteers" to serve as appellate counsel. *Id.* Alternatively, the defendant may file the notice pro se, which serves as "an indication that trial counsel 'does not wish to pursue his client's appeal.'" *Id.* (quoting *Ward v. State,* 740 S.W.2d 794 (Tex. Crim.App.1987)). A "contemporaneous" presentation of the pro se notice with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal. *Id.*

*Duties of the Trial Court*

[redacted] The pro se notice and accompanying motion to withdraw put the trial court on notice that, unless the defendant has retained another attorney, the issue of indigency must be resolved. *Id.* Factors such as the defendant's indigency at the trial stage or an affidavit signed by the defendant attesting to his indigency may assist in this determination. If the court is satisfied that the defendant is indigent, it must appoint appellate counsel. However, if there is a question as to indigency, the court must take sufficient steps to resolve the matter. Furthermore, the court, in its discretion, may "require withdrawing trial counsel to continue to serve through such indigency proceeding, and withhold signing an order granting leave to withdraw until that bit of business is done." *Id.* at n. 7.

These duties of the trial court clearly arise when written notice of appeal has been filed. Do the duties also arise when no notice has been filed, but the trial court nevertheless learns of the defendant's desire to appeal? We believe that, given the facts in this case, the answer is "yes."

The appellant's trial attorney styled his motion to withdraw as "Motion to Withdraw and Defendant's Request for Court Appointed Counsel." The motion also contained a paragraph specifically stating the appellant's intention to request appointed counsel "for the purpose of a motion for new trial, appeal and ... a copy of the court reporter's notes." Finally, in an attached affidavit, the appellant attested to his inability "to afford counsel on a motion for new trial and/or appeal [or] to pay for the court reporter's notes [in his case]." The language of the motion and affidavit makes clear the appellant's desire to appeal. Unfortunately, the appellant's trial attorney failed to perform his responsibilities under *Axel* when he did not contemporaneously file a pro se written notice of appeal with the motion to withdraw. However, we should not penalize the appellant for this mistake; nor should the trial court

2. Rule of Appellate Procedure 40(b)(1) requires that notice of appeal be written and filed with the clerk of the trial court.

be relieved of its independent duties under *Axel*, namely, to ensure that an indigent defendant is not left without representation when he clearly desires to appeal his case. Here, the trial court signed the order permitting trial counsel's withdrawal, but deleted language regarding the appointment of counsel. These deletions demonstrate that the court had actual notice of the issue of indigency, and it should have resolved the matter, holding a hearing, if necessary. There is no evidence that the court looked beyond the motion to withdraw and the attached affidavit in an effort to determine whether the appellant was in fact indigent. Thus, we cannot say that the court fully complied with its *Axel* duties.

We reverse the judgment of the court of appeals and remand this cause with instructions to grant an out-of-time appeal and remand the cause to the trial court for a determination of whether the appellant is indigent and, therefore, entitled to appointed counsel for purposes of appeal.