TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00584-CR






In re M. Engin Derkunt




Bobby Mitchell, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NO. 2001-155, HONORABLE JACK H. ROBISON, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



This is a contempt proceeding ancillary to Bobby Mitchell's appeal from a judgment
of conviction for sexual assault and indecency with a child. The subject of this proceeding is M.
Engin Derkunt, appellant's counsel.

Counsel signed appellant's notice of appeal, which was filed on September 16, 2002. 
See Jones v. State, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (counsel who signs notice of appeal
effectively "volunteers" to serve as appellate counsel). His brief was due December 23, 2002. In
response to the clerk's notice that his brief was overdue, counsel informed the Court that he filed the
notice of appeal with the understanding that appellant would either pay him for the appeal or retain
alternate counsel. Counsel did not seek to withdraw nor did he assert that appellant is indigent. On
February 11, 2003, the Court ordered counsel to file a brief on appellant's behalf no later than March
24, 2003. Counsel failed to file a brief as ordered. Instead, he tendered a motion to withdraw the
notice of appeal. The motion did not comply with the appellate rules because it was not signed by
appellant. Tex. R. App. P. 42.2(a). Counsel did not respond to the clerk's notification of this defect
and the motion was overruled.

Counsel was ordered to appear in person before this Court on May 21, 2003, to show
cause why he should not be held in contempt and sanctions imposed for his failure to obey the
February 11, 2003, order of this Court. On the day before the show-cause hearing, counsel filed a
new motion to withdraw notice of appeal. Although still not signed by appellant, the motion was
accompanied by a copy of a letter signed by appellant containing this sentence: "At this time I will
not go forward with my appeal." Elsewhere in the letter, however, appellant asserts his innocence
of the crimes for which he was convicted. The motion also reflects a misconception that the appeal
may be "re-filed" at a later date.

Counsel appeared at the show-cause hearing as ordered. He offered no excuse for his
failure to file a brief. 

We find that the said M. Engin Derkunt is in contempt of this Court for having
disregarded the order to file a brief on appellant's behalf. By abandoning appellant's appeal, he has
also rendered ineffective assistance to his client.

Appellant's second motion to withdraw notice of appeal is dismissed. The appeal is
abated and the cause remanded to the district court. The court is ordered to promptly conduct a
hearing to determine whether appellant desires to prosecute this appeal. Tex. R. App. P.
38.8(b)(2). If appellant desires to prosecute this appeal but is indigent, the court shall appoint
substitute counsel who will effectively represent appellant on appeal. A record from this hearing,
including copies of all findings and orders and a transcription of the court reporter's notes, shall
be forwarded to the Clerk of this Court for filing as a supplemental record no later than June 27,
2003. Id., rule 38.8(b)(3). The appeal will be returned to the active docket upon receipt of the
supplemental record.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed: May 22, 2003

Do Not Publish