COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:          Janai Atkins v. The State of Texas

Appellate case number:     01-16-00080-CR

Trial court case number:    1983681

Trial court:                          County Criminal Court at Law No. 4 of Harris County

This case involves an appeal from a judgment, signed by the trial court on October 15, 2015, in which the appellant, Janai Atkins, was found guilty of the class B misdemeanor offense of theft—$50 or more but less than $500—for which the jury sentenced her to 180 days in county jail and a $250.00 fine, but the trial court suspended that sentence and placed her on deferred adjudication community supervision for eighteen months. The trial court certified appellant's right of appeal because this was not a plea-bargain case and appellant had a right of appeal, and she filed a *pro se* notice of appeal. *See* TEX. R. APP. P. 25.2(a)(2)(B).

On March 31, 2016, because there was no written order permitting counsel to withdraw, this Court ordered counsel, Deborah Stanton Burke, to request and pay for the reporter's record within thirty days of that order. On June 2, 2016, because no timely response had been received from appellant's counsel, this Court notified appellant's counsel that this Court would proceed without the reporter's record and ordered counsel to file appellant's brief within thirty days of that order.

On June 20, 2016, the Clerk of this Court filed this Court's June 2, 2016 order that was mailed to appellant because it was marked as returned to sender by the postal service. On June 21, 2016, Deborah Stanton Burke filed a notice of non-representation in this Court stating that she does not intend to represent appellant because appellant cannot afford to retain her services and, thus, appellant requests the appointment of new appellate counsel.

However, if retained trial counsel does not wish to continue to represent an appellant, counsel must file a motion to withdraw with the trial court and be granted

withdrawal. *See Whitehead v. State*, 130 S.W.3d 866, 879 (Tex. Crim. App. 2004) (stating that Texas Rule of Appellate Procedure 6.4(b) "specifically bars *appointed* counsel in a criminal case from filing a 'nonrepresentation' notice but does not mention retained counsel," and thus, "[r]etained counsel must file a motion to withdraw") (emphasis in original); *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003). Because no order signed by the trial court granting counsel's withdrawal was filed with the clerk's record or attached to counsel's motion, and this appeal has not been exhausted, Deborah Stanton Burke continues as appellant's counsel until permitted to withdraw. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2015) (requiring attorney to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record").

Accordingly, the Court sua sponte construes appellant's counsel's notice of non-representation as a motion to abate and **grants** it, **abates** the appeal, and **remands** the case to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Deborah Stanton Burke, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to:

(1) determine whether appellant wishes to prosecute the appeal;
(2) if appellant wishes to prosecute the appeal, determine whether appellant is indigent;
(3) if appellant is indigent, determine whether good cause exists to relieve Deborah Stanton Burke of her duties as appellant's counsel;
   a. if good cause exists to remove counsel, enter a written order relieving Deborah Stanton Burke of her duties as appellant's counsel, and appoint substitute appellate counsel at no expense to appellant;
   b. if good cause does not exist to remove counsel, provide a final deadline by which Deborah Stanton Burke must file an appellant's brief in this Court, which shall be no more than 30 days from the date of the hearing;
(4) if appellant is not indigent and Deborah Stanton Burke does not intend to

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

represent appellant on appeal,

    a.      determine whether appellant has retained an attorney to represent her on appeal, and, if so, obtain the name, address, and telephone number of retained counsel;

    b.      if appellant has not retained counsel, admonish appellant of the dangers and disadvantages of self-representation, and

        i. determine whether appellant has knowingly and intelligently waived her right to counsel; and

       ii. determine whether any decision by appellant to proceed *pro se* is in the best interest of appellant, the State, and the administration of justice;

      iii. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 38.6(a); *Whitehead*, 130 S.W.3d at 879; *Jones*, 98 S.W.3d at 703; *Goffney*, 843 S.W.2d at 584–85; *Hawkins*, 613 S.W.2d at 722–23; *cf*. TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court no later than **30 days** from the date of this order. The court reporter is directed to file the reporter's record of the hearing no later than **30 days** from the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than **30 days** from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley
             ☑ Acting individually     ☐ Acting for the Court

Date: July 19, 2016