

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,679-01

**EX PARTE DANNY GIPSON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 10F0430-005-A IN THE 5TH DISTRICT COURT
## FROM BOWIE COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of indecency with a child by exposure and sentenced to 10 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel has not contacted Applicant and has taken no action to perfect the appeal. The deadline for filing a direct appeal has passed. Thus, it appears that counsel failed to timely file a notice of appeal. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003).

Additionally, Applicant alleges that he received ineffective assistance of trial counsel when counsel incorrectly advised him that this was a 3g offense and that he would have to serve half of

his sentence if he did not plead guilty. Further, trial counsel failed to subpoena witnesses and evidence that would have proven the photo lineup was obtained illegally. Applicant asserts that he would not have pleaded guilty, but for trial counsel's deficient performance.

Applicant has alleged facts that, if true, might entitle him to relief. *Smith v. Robbins*, 528 U.S. 259 (2000); *Ex parte Miller*, 330 S.W.3d 610 (Tex. Crim. App. 2009). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate and trial counsel to respond to Applicant's claims of ineffective assistance of counsel. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The court shall also make findings and conclusions as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: December 18, 2019
Do not publish