

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,818-01

### EX PARTE DAVID PAUL NAVARRO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20140D03126-409-1 IN THE 409TH DISTRICT COURT FROM EL PASO COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of one count of aggravated assault, one count of assault of a family member, and one count of burglary of a motor vehicle and sentenced to thirty years for the aggravated assault count and twenty years for the assault and burglary counts, all running concurrently. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because notice of appeal was not timely filed. Applicant was sentenced on April 10, 2019. His trial counsel timely filed a motion for new trial, making the deadline for filing notice of appeal July 9, 2019. According to Applicant, he advised trial counsel that he wanted to appeal. For reasons not clear from the record, according

to Applicant, appellate counsel was not appointed until August 8, 2019. Appellate counsel filed notice of appeal along with a motion for extension of time for filing notice of appeal on August 9, 2019. However, because neither were filed within 15 days of the deadline for filing notice of appeal as required by Rule 26.3 of the Texas Rules of Appellate Procedure, the appeal was dismissed for want of jurisdiction. *Navarro v. State*, No. 08-19-00207-CR (Tex. App. — El Paso August 23, 2019) (not designated for publication).

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel[1] to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall supplement the record with a copy of the order appointing appellate counsel in this case. If appellate counsel was not appointed until too late for filing notice of appeal, the trial court shall make findings of fact and conclusions of law as to why appellate counsel was not timely appointed. The trial court shall make findings of fact and conclusions of law as to whether

---

[1] If a defendant decides to appeal his conviction, trial counsel rather than appellate counsel has the duty to ensure that written notice of appeal is filed with the trial court. *Jones*, 98 S.W.3d at 703.

3

Applicant was denied his right to an appeal because trial counsel failed to timely file a notice of appeal, or because the trial court was advised of Applicant's desire to have appellate counsel appointed but did not timely appoint appellate counsel. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:   January 29, 2020
Do not publish