

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,885-01

### EX PARTE SALVATORE CALABRESE JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR05-362B IN THE 235TH DISTRICT COURT
### FROM COOKE COUNTY

*Per curiam*.

### **O R D E R**

Applicant was convicted of murder and sentenced to thirty-five years' imprisonment. He

filed this application for a writ of habeas corpus in the county of conviction, and the district clerk

forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because counsel failed to timely

file a notice of appeal. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte*

*Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App.

2003). Accordingly, the record should be developed. The trial court is the appropriate forum for

findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel[1] to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to an appeal through no fault of his own. The trial court may make any other findings and conclusions that it deems appropriate. Also, the trial court shall make findings on laches. *Carrio v. State*, 992 S.W.2d 486, 487-88 (Tex. Crim. App. 1999); *overruled in part by Ex parte Perez*, 398 S.W.3d 206, 213-15 (Tex. Crim. App. 2013).

The trial court shall make its findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 11, 2020
Do not publish

---

[1] If a defendant decides to appeal his conviction, trial counsel rather than appellate counsel has the duty to ensure that written notice of appeal is filed with the trial court. *Jones*, 98 S.W.3d at 703.