

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,244-02

### EX PARTE ALVIN DEJUAN MELTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR25,897-B IN THE 20TH DISTRICT COURT FROM MILAM COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of murder and sentenced to twenty-five years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. Applicant seeks a late appeal.

After the jury convicted Applicant, trial counsel signed and filed a notice of appeal for Applicant, so trial counsel became Applicant's appellate counsel. *Melton v. State*, No. 03-19-00396-CR (Tex. App.—Austin del. Sep. 19, 2019); *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003). The appellate court dismissed the appeal for want of prosecution because Applicant failed to pay or arrange to pay the clerk's fee for preparing the clerk's record. *Id.* Counsel concedes that the clerk's record was not prepared for the appeal due to his error.

Relief is granted. *Jones v. State*, *supra* Applicant may file an out-of-time appeal of his conviction in cause number CR25,897 from the 20th District Court of Milam County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Applicant must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: July 28, 2021
Do not publish