

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,783-01

## EX PARTE SHAWN RAY EVANS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 17-06-07753-CR(1) IN THE 9TH DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam.*

## O P I N I O N

Applicant entered an open plea of guilty to driving while intoxicated and was sentenced to fifteen years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that he was denied his right to an appeal because counsel failed to advise him following sentencing of his right to appeal and the process for obtaining appellate counsel and filing notice of appeal. Based on the record, the trial court has found that counsel failed to adequately advise Applicant regarding his appellate rights, and that Applicant would

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

have filed a direct appeal had he been properly advised by trial counsel.

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of his conviction in cause number 17-06-07753 from the 9th District Court of Montgomery County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered: July 28, 2021
Do not publish