

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,094-01

### EX PARTE KOLTON JOE BAILEY BUSH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W13410-1 IN THE 355TH DISTRICT COURT FROM HOOD COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to delivery of a controlled substance in exchange for deferred adjudication community supervision. He later pleaded true to violating the terms of his community supervision, and was adjudicated guilty and sentenced to thirty years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that he was denied his right to an appeal because adjudication counsel told him that he would appeal from the sentence, but failed to timely file a

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

notice of appeal and did not respond to Applicant's attempts to contact him until after the deadline for filing notice of appeal had passed. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order adjudication counsel[2] to respond to Applicant's claim. Specifically, adjudication counsel shall state whether he advised Applicant that he would appeal the sentence after adjudication, whether Applicant expressed a desire to appeal the sentence, and if so, why counsel did not file notice of appeal on Applicant's behalf. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to an appeal because adjudication counsel failed to timely file a notice of appeal. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

---

[2] If a defendant decides to appeal his conviction or sentence, trial counsel rather than appellate counsel has the duty to ensure that written notice of appeal is filed with the trial court. *Jones*, 98 S.W.3d at 703.

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: October 6, 2021
Do not publish