

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,158-01

### EX PARTE CHARLES GARTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 18F0532-102-A IN THE 102ND DISTRICT COURT BOWIE COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant post-conviction habeas relief in the form of an out-of-time appeal based on ineffective assistance of trial counsel. After Applicant was convicted of two counts of aggravated sexual assault of a child and sentenced to eighty years' imprisonment on each count, he expressed to trial counsel his desire to appeal the convictions. According to Applicant's allegations, counsel informed Applicant that he did not intend to represent Applicant on appeal but would provide him the necessary paperwork for perfecting an appeal. Counsel had Applicant sign some paperwork but never advised Applicant on how to perfect his appeal. In support of his

claim, Applicant provided purported text messages between his sister and counsel. Those messages show that Applicant's sister texted counsel asking about Applicant's appeal and counsel replied by stating that he would not "forget [Applicant's] appeal," that he had filed a motion for new trial thereby extending the window for filing a notice of appeal, and that he intended to file a notice of appeal on Applicant's behalf. The record reflects that counsel did indeed file a motion for new trial, but, in spite of his assurances, he never filed a notice of appeal. It also appears that counsel never withdrew as counsel of record.

In response to Applicant's habeas allegations, the habeas court ordered trial counsel to provide an affidavit. When counsel did not initially respond within 30 days as ordered, the habeas court entered a second order requiring an affidavit within 7 days. Counsel again failed to respond. Thus, having received no response from counsel, the habeas court had no choice but to resolve Applicant's claim based solely on the allegations in the application and the text messages from Applicant's sister.

These circumstances highlight two unfortunate recurring themes in our post-conviction habeas review of ineffective-assistance claims. First, it appears that some attorneys are struggling to stay on top of their obligations at the conclusion of their representation, resulting in harm to clients who are then prevented from pursuing the next stage of appellate review of their convictions. Here, counsel clearly failed to carry out his duties at the end of his representation, including failing to file a notice of appeal on Applicant's behalf. *See Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) ("[T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning [the] meaning and effect of the

judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal."); *see also Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (stating that "[i]f the defendant decides to appeal, the [trial] attorney must ensure that written notice of appeal is filed with the trial court"). In addition to depriving Applicant of his statutory right to pursue a direct appeal, counsel's error has also now resulted in both the habeas court and this Court having to expend resources to undo the effects of counsel's error. Thus, this case serves as a reminder that trial counsel's role at the post-conviction stage—including filing a motion for new trial, if any; filing a timely notice of appeal; filing a motion to withdraw if counsel will not be completing the appeal; and advising the client on the next steps to pursue an appeal if desired—is critical for ensuring that a defendant's right to appeal is properly preserved.[1] Failure to fulfill these obligations is not only unprofessional and unfair to clients, but it also wastes judicial resources by spawning the type of corrective post-conviction litigation before us here. Though I recognize that we are all human beings who make mistakes, based on the sheer

---

[1] *See* American Bar Association, Criminal Justice Standards, Defense Function, Standard 4.9-1(a)-(d), "Preparing to Appeal" ("If a client is convicted, defense counsel should explain to the client the meaning and consequences of the court's judgment and the client's rights regarding appeal . . . . Defense counsel should take whatever steps are necessary to protect the client's rights of appeal, *including filing a timely notice of appeal in the trial court, even if counsel does not expect to continue as counsel on appeal.* Defense counsel should explain to the client that the client has a right to counsel on appeal (appointed, if the client is indigent), and that there are lawyers who specialize in criminal appeals. Defense counsel should candidly explore with the client whether trial counsel is the appropriate lawyer to represent the client on appeal, or whether a lawyer specializing in appellate work should be consulted, added or substituted.") (emphasis added).

volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to stay on top of their responsibilities.[2]

Second, I have previously noted that, when an attorney is ordered to provide an affidavit in response to an Applicant's habeas allegations and wholly fails to do so, that attorney violates his obligations under the Texas Rules of Professional Conduct, as well as his oath and the Texas Lawyer's Creed; thus, it may be appropriate for this Court to take action and require an explanation from counsel. *See Ex parte Touchet*, 615 S.W.3d 160, 161 (Tex. Crim. App. 2021) (Slaughter, J., concurring) ("An attorney's complete failure to respond to claims raised against him not only hinders judicial economy, but in some instances may result in the Court's inability to fully and fairly decide a claim. Such a serious infraction warrants action by the habeas court. If the habeas court fails to take appropriate action, then this Court should do so or at least require habeas counsel to respond.").[3] Though I agree wholeheartedly with the habeas court's recommendation to grant relief under these circumstances, it concerns me that counsel will not be required to

---

[2] *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). My hope is that attorneys will implement practices that spur them to regularly check on the status of their cases so they may fulfill their duty to meet important filing deadlines for their clients.

[3] *See also* Tex. Disciplinary Rules Prof'l Conduct R. 8.04 ("A lawyer shall not violate these rules [or] . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation [or] . . . violate any other laws of this state relating to the professional conduct of lawyers and to the practice of law."). Lawyers who violate the Rules may be subject to discipline. *Id*. R. 1.01(b) & cmts 6-7 ("[A]n incompetent lawyer is subject to discipline," as is one who neglects "a particular legal matter" or who "frequent[ly] fail[s] to carry out fully the obligations owed to one or more clients.").

answer either for the underlying failure to file a notice of appeal or his later failure to respond to the habeas court's order for an affidavit. Perhaps there is some justification for counsel's conduct, but in the absence of any response from counsel, this Court will never know. I continue to believe that, to ensure the integrity of judicial proceedings and the accuracy of our determinations on post-conviction habeas review, this Court should at least consider issuing a show-cause order in such situations. Allowing such non-responsiveness by counsel to go unaddressed sends a negative message about the importance of post-conviction habeas litigation, undermines this Court's authority, and ultimately impedes our ability to fairly decide habeas claims. Though a show-cause order is undoubtedly not warranted in all cases, it should be an option for this Court to consider in extreme situations, particularly for repeated infractions.

With these comments, I join the Court's opinion granting Applicant relief.

Filed: November 2, 2022

Publish