

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,103-01

**EX PARTE JASON DARNELL PAGE, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 861203-A IN THE 182ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. YEARY, J. filed a concurring opinion in which SLAUGHTER, J. joined. NEWELL, J. concurred.

## O R D E R

Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to twenty-five years' imprisonment. The Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This application was file-stamped in Harris County on July 18, 2011. An order designating issues was signed by the trial judge on July 26, 2011. The district clerk forwarded this application to this Court under Texas Rule of Appellate Procedure 73.4(b)(5). However, the application was forwarded over ten years after issuing the order and this application was not received by this Court

until September 2, 2022. It appears the trial court issued an Order to Conduct Hearing by Video Teleconferencing on April 27, 2022, but there is no other indication in the record of any action by the trial court after the order designating issues was signed. Nor is there any indication as to why this application was pending in Harris County for so long without any action by the clerk or the trial court.

Applicant contends, among other things, that his trial counsel was ineffective for 1) failing to inform the applicant of his rights to appeal the conviction, 2) failing to assist the applicant with the appeal even though counsel knew the applicant wanted to pursue an appeal, and 3) failing to inform the applicant of the deadlines for filing an appeal, causing the applicant to be denied the opportunity to be heard on the appellate level. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). Therefore, we remand this application to the trial court to complete its evidentiary investigation and make findings of fact and conclusions of law.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. See Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the order designating issues and the

forwarding of the application to this Court. The trial court shall obtain a response from Applicant as to whether Applicant still wants to pursue this application, and shall include that response in the supplemental record. If the trial court is unable to obtain such a response from Applicant, the trial court shall detail the efforts that were made to obtain a response from Applicant. The trial court shall then return the application to this Court.

According to the State Bar of Texas, trial counsel is deceased. If Applicant indicates that he does want to pursue this application, or if the trial court is unable to obtain a response from Applicant as to whether he wants to pursue the application, the trial court shall determine whether counsel's file from this case is available for inspection. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to an appeal because trial counsel failed to timely file a notice of appeal. The trial court shall make findings of fact and conclusions of law as to whether trial counsel was ineffective for failing to properly advise Applicant on the appeal process. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.


Filed:  DECEMBER 07, 2022
Do not publish