

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,970-01

### EX PARTE MARCO ANTONIO LOZANO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. DC78-CR2019-0167*1 IN THE 78TH DISTRICT COURT
### FROM WICHITA COUNTY

*Per curiam*.  SLAUGHTER, J., filed a concurring opinion.

## O P I N I O N

Applicant pleaded guilty to possession of a controlled substance and was placed on deferred adjudication probation.  Following the State's motion to proceed with adjudication of guilt, alleging that Applicant had violated his probation conditions.  The trial court found a number of those allegations true, adjudicated Applicant guilty, and sentenced Applicant to eighteen months' imprisonment in state jail.  Applicant did not appeal his conviction.  Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court.  *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he was denied his right to an appeal because counsel failed to timely file a notice of appeal.  Based on the record, the trial court has found that

counsel failed to timely file a notice of appeal.

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of his conviction in cause number DC78-CR2019-0167 from the 78th District Court of Wichita County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997). Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:            February 22, 2023
Do not publish