

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-94,387-01

### EX PARTE MONIQUE DENNISS VALLES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CRW2104083A IN THE 81ST DISTRICT COURT
### WILSON COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

While I join in the Court's decision to grant Applicant postconviction habeas relief in the form of an out-of-time appeal, I feel compelled to write separately to yet again emphasize that it is *trial* counsel's (not appellate counsel's) duty to file a *timely* notice of appeal when his client expresses a desire to appeal. This issue underlies far too many ineffective-assistance-of-counsel cases before us and is a troubling sign that many trial attorneys are either unaware of, or are neglecting, their responsibilities in this regard.

On March 1, 2022, Applicant entered an open plea to the trial court for the offense of evading arrest with a motor vehicle[1] for which she was sentenced to five years' imprisonment. The trial court certified Applicant's right to appeal. Trial counsel timely filed a motion for new trial on March 4th, as well as a motion to withdraw as Applicant's counsel.[2] Because a timely motion for new trial was filed, this extended the window for filing a notice of appeal in the trial court to 90 days after Applicant's sentence was imposed in open court.[3]

However, trial counsel failed to file Applicant's notice of appeal until June 16th, which was after expiration of the 90-day window. Counsel attempted to correct this mistake by simultaneously filing a motion for extension of time in the court of appeals seeking an extension in which to file the notice of appeal.[4] Although such an extension is permissible under Rule of Appellate Procedure 26.3 if sought within 15 days of the filing deadline, the court of appeals determined that counsel's extension request and belated filing of the notice of appeal happened two days too late. *Valles v. State*, No. 04-22-00360-CR, 2022 WL 3046940, at *1 (Tex. App.—San Antonio Aug. 3, 2022) (mem. op., not designated for publication). Accordingly, the court of appeals had no choice but to dismiss Applicant's appeal for want of jurisdiction. *Id.* Applicant then filed the instant application for a

---

[1] TEX. PENAL CODE § 38.04(b)(2)(A).

[2] The trial court did not grant counsel's motion to withdraw until July 8th, at which point appellate counsel was appointed.

[3] TEX. R. APP. P. 26.2(a)(2).

[4] *Id.* R. 26.3 ("The appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party: (a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b).").

postconviction writ of habeas corpus seeking the ability to pursue an out-of-time appeal based on counsel's error in failing to file a timely notice of appeal.

In response to the allegations, trial counsel submitted an affidavit. Counsel affirmed that Applicant conveyed her desire to pursue a direct appeal. He advised her that a different attorney would be appointed to represent her on appeal and that he had filed a motion to withdraw. Counsel then noted that:

> Sometime before June 16, 2022, I was made aware that there was no ruling on my motion to withdraw, yet. I knew that the case was at least very close to the appellate deadline for filing a notice of appeal. I therefore filed a motion to extend the deadline in which to file a notice of appeal, and also a notice of appeal itself, in the fourth court of appeals.

Counsel acknowledges that his notice of appeal was not timely. He explains that he filed the motion for new trial "for the specific purpose of extending the appellate deadlines, so that an appellate attorney could be appointed and file the notice of appeal."

These circumstances highlight an unfortunate recurring theme in our postconviction habeas review. It appears that many trial attorneys are under the mistaken impression that it is the duty of appellate counsel to file the notice of appeal. However, we have repeatedly explained that filing the notice of appeal is one of several obligations that *trial counsel* must fulfill at the conclusion of his representation. *See, e.g.*, *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) ("[T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning [the] meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal

and their merit, and delineating advantages and disadvantages of appeal."); *see also Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (stating that "[i]f the defendant decides to appeal, the [trial] attorney must ensure that written notice of appeal is filed with the trial court"). We have also instructed that, if trial counsel will not be representing the defendant on appeal, he should submit his motion to withdraw simultaneously alongside the defendant's signed *pro se* notice of appeal. *See Jones*, 98 S.W.3d at 703 ("A contemporaneous presentation of the pro se notice [of appeal] with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal."). Here, while I appreciate that trial counsel belatedly attempted to correct his error when he realized that appellate counsel had not yet been appointed, those efforts unfortunately came two days too late. It is precisely because of the sensitive timing and deadlines surrounding the filing of the notice of appeal and the appointment of new appellate counsel that trial counsel must bear the responsibility of filing the notice of appeal. Trial counsel's role is particularly important in situations such as this one, where appellate counsel is not appointed immediately upon the filing of the motion to withdraw.

I also note that, in addition to depriving Applicant of her right to pursue a direct appeal, counsel's error has also now resulted in the habeas court, the court of appeals, and this Court having to expend resources to undo the effects of counsel's error. Thus, this case serves as a reminder that trial counsel's duties at the postconviction stage—including filing a motion for new trial, if any; filing a *timely* notice of appeal; filing a motion to withdraw if counsel will not be completing the appeal; and advising the client on the next steps to pursue an appeal if desired—are all critical for ensuring that a defendant's right to appeal

is properly preserved.[5] Failure to fulfill these obligations is not only unprofessional and unfair to clients, but it also wastes judicial resources by spawning the type of corrective postconviction litigation before us here. Though I recognize that we are all human beings who make mistakes, based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to stay on top of their responsibilities.[6]

With these comments, I join the Court's opinion granting Applicant relief.

Filed: May 31, 2023

Publish

---

[5] *See* American Bar Association, Criminal Justice Standards, Defense Function, Standard 4.9-1(a)-(d), "Preparing to Appeal" ("If a client is convicted, defense counsel should explain to the client the meaning and consequences of the court's judgment and the client's rights regarding appeal . . . . Defense counsel should take whatever steps are necessary to protect the client's rights of appeal, *including filing a timely notice of appeal in the trial court, even if counsel does not expect to continue as counsel on appeal.* Defense counsel should explain to the client that the client has a right to counsel on appeal (appointed, if the client is indigent), and that there are lawyers who specialize in criminal appeals. Defense counsel should candidly explore with the client whether trial counsel is the appropriate lawyer to represent the client on appeal, or whether a lawyer specializing in appellate work should be consulted, added or substituted.") (emphasis added).

[6] *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). My hope is that attorneys will implement practices that spur them to regularly check on the status of their cases so they may fulfill their duty to meet important filing deadlines for their clients.