

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,714-01

### EX PARTE DEREK STEVE BANKS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 18-2491-K26 A IN THE 26TH DISTRICT COURT
## FROM WILLIAMSON COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

## <u>CONCURRING OPINION</u>

I concur in the Court's decision to grant Applicant post-conviction habeas relief in the form of an out-of-time appeal, but I do not join in its reasoning. The Court adopts the habeas court's conclusion that Applicant was deprived of his right to appeal as a result of a breakdown in the system, rather than based on ineffective assistance of trial counsel. But the record here clearly reflects that, although trial counsel was well aware of Applicant's desire to pursue a direct appeal, counsel failed to file a notice of appeal on Applicant's behalf, instead assuming that appointed appellate counsel would do so. Even accepting, as the habeas court determined, that counsel's conduct was in conformity with local standards,

it did not comply with this Court's longstanding precedent, which holds that it is *trial counsel's* duty (not appellate counsel's) to file a notice of appeal when the defendant expresses a desire to appeal. *See, e.g.*, *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003). Local standards should comply with this Court's precedent. If they do not, trial counsel should still be aware of and follow this Court's binding precedent. Therefore, I would hold that trial counsel was ineffective for failing to timely file the notice of appeal.

## I.    Factual Background

On July 27, 2022, Applicant was convicted of aggravated sexual assault of a child, and the jury assessed a sentence of 70 years' imprisonment. However, because Applicant failed to appear for the final day of his trial, he was not formally sentenced until August 16, 2022.

It is uncontested that trial counsel was aware of Applicant's desire to appeal. In his affidavit responding to Applicant's allegations, counsel states that he followed his normal post-trial practice in this case, which was to "discuss the appellate rights [with] my client and on their behalf I would file a motion for new trial and a motion to withdraw so that appellate counsel could be appointed." Applicant's trial counsel states that after filing the motions, "based on past practices, I assumed the order [of withdrawal] would be granted and appellate counsel assigned," at which point appellate counsel would file the notice of appeal.

Unfortunately, however, appellate counsel was not timely appointed, and no notice of appeal was ever filed. The habeas court found that trial counsel did not file any proposed orders with his motion for new trial and motion to withdraw, so the clerk never forwarded

those motions to the trial court for consideration. Because the trial court was unaware of the motions, the court did not realize that Applicant wanted to appeal and did not immediately appoint appellate counsel. Applicant eventually contacted the trial court by letter several months later, in January 2023, to inquire about the status of his appeal. The court then appointed appellate counsel a week later, on January 30, 2023. But the deadline for filing a notice of appeal, November 15, 2022, had already passed.

The habeas court entered findings of fact and conclusions of law recommending that Applicant be granted relief in the form of an out-of-time appeal. The court found that trial counsel's conduct "does indeed fit with[in] the acceptable standard of practice" in Williamson County. However, in this case, "that pattern of practice broke down." The court observed that the District Clerk "customarily only forwards proposed orders to [the] court's queue," and since trial counsel did not file any proposed orders in conjunction with his motions, the district clerk did not forward the motions to the queue of electronically filed documents for the court's review. Because of this, the court was unaware of Applicant's need for appointed appellate counsel. Ultimately, the habeas court concluded that Applicant had been deprived of his right to appeal "due to a misunderstanding of the electronic fil[ing] process" and not because of any deficient conduct by trial counsel, who "took the correct actions as he knew [them] to preserve his client's appellate rights."

## II. Trial Counsel's Obligation to file a Notice of Appeal

In granting Applicant relief here, the Court adopts the habeas court's conclusion that Applicant was deprived of his right to appeal based on a breakdown in the system, not because of any deficient conduct by trial counsel. But the practical effect of the Court's

holding is to permit a local "standard of practice" to override this Court's longstanding precedents on what constitutes ineffectiveness. We have repeatedly explained that filing the notice of appeal is one of several obligations that trial counsel must fulfill at the conclusion of his representation. *See, e.g.*, *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) ("[T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning [the] meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal."); *Jones*, 98 S.W.3d at 703 (stating that "[i]f the defendant decides to appeal, the [trial] attorney must ensure that written notice of appeal is filed with the trial court.").[1] Indeed, in *Jones*, we gave explicit instructions that, if trial counsel will not be representing the defendant on appeal, he should submit his motion to withdraw simultaneously alongside the defendant's signed *pro se* notice of appeal. *See Jones*, 98 S.W.3d at 703 ("A contemporaneous presentation of the pro se notice

---

[1] *See also* American Bar Association, Criminal Justice Standards, Defense Function, Standard 4.9-1(a)-(d), "Preparing to Appeal" ("If a client is convicted, defense counsel should explain to the client the meaning and consequences of the court's judgment and the client's rights regarding appeal . . . . Defense counsel should take whatever steps are necessary to protect the client's rights of appeal, *including filing a timely notice of appeal in the trial court, even if counsel does not expect to continue as counsel on appeal.* Defense counsel should explain to the client that the client has a right to counsel on appeal (appointed, if the client is indigent), and that there are lawyers who specialize in criminal appeals. Defense counsel should candidly explore with the client whether trial counsel is the appropriate lawyer to represent the client on appeal, or whether a lawyer specializing in appellate work should be consulted, added or substituted.") (emphasis added).

[of appeal] with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal."). While the habeas court here found that this situation was caused by a breakdown in the local standard practice that resulted in appellate counsel not being timely appointed, that determination seems to gloss over a more basic truth—the problem in this case could have been avoided entirely had trial counsel simply followed the dictates of *Axel* and *Jones* and filed a notice of appeal at the same time that he filed his motion to withdraw.[2]

I do not mean to appear entirely unsympathetic to the situation faced by Applicant's trial counsel. Indeed, it does appear from the habeas court's findings of fact that the local standard practice in Williamson County conflicts with our precedents in this area. But, as we indicated in *Axel* and *Jones*, it is principally the duty of trial counsel (not the trial court) to protect the defendant's appellate rights. If a local practice is inadequate to ensure that a defendant's appellate rights are protected, then the onus is on trial counsel to take whatever steps are necessary to protect those rights—local practice notwithstanding. It is precisely because of these types of logistical problems with the timely appointment of appellate counsel that we have determined trial counsel should immediately assist the defendant with filing the notice of appeal. Otherwise, as we have seen all too frequently, the defendant's

---

[2] I also note that it is unclear whether trial counsel even complied with the local standard practice in this case. The habeas court observed that the district clerk "customarily" only forwards proposed orders for the court's consideration, but trial counsel apparently did not file any proposed orders along with his motions in this case. The habeas court characterized this as a "misunderstanding" of the court's electronic filing process on trial counsel's part, and perhaps such a misunderstanding was excusable if the requirement of filing proposed orders was not written in the local rules. But, in any event, it also appears that this situation could have been avoided if counsel had followed the local practice of filing proposed orders in conjunction with his motions.

case can get lost in the shuffle, and no one realizes for months (or sometimes even years) that appellate counsel was never appointed, and no notice of appeal was ever filed. Such a system unfairly places defendants' appellate rights at risk and results in judicial inefficiency by spawning the type of corrective post-conviction litigation before us here. Though I recognize that we are all human beings who make mistakes, this type of error is not a simple mistake given the number of times this Court has addressed this very issue— it is borderline willful ignorance of an attorney's necessary obligations to his clients. Accordingly, it is my ethical obligation to bring attention to this issue so that all attorneys may be reminded of the effect of failing to stay on top of their responsibilities and take steps to prevent such problems from arising in the future.[3]

### III. Conclusion

In view of the foregoing, while I agree with the Court's conclusion that Applicant is entitled to an out-of-time appeal, I would reach that holding based on a finding of ineffective assistance of trial counsel resulting from counsel's failure to file a timely notice of appeal, rather than based on a breakdown in the system. Such a holding would adhere more closely to this Court's longstanding precedent addressing trial counsel's post-trial responsibilities and would encourage local standard practices to conform to that precedent. Because the Court instead appears to excuse counsel's error by relying on a more

---

[3] *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action.").

generalized finding of a breakdown in the system, I concur in the Court's judgment but do not join its opinion.


Filed: October 25, 2023

Publish