

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,509-01

**EX PARTE JOHN PAUL MANUEL, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W14-76843-J(A) IN THE CRIMINAL DISTRICT COURT NO. 3
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of murder and sentenced to forty years' imprisonment. He filed this application for a writ of habeas corpus, through habeas counsel, in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because trial counsel failed to timely file a notice of appeal. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial

counsel[1] to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to an appeal because trial counsel failed to timely file a notice of appeal. The trial court shall also make findings regarding laches. *See Carrio v. State*, 992 S.W.2d 486 (Tex. Crim. App. 1999); *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 2, 2022
Do not publish

---

[1] If a defendant decides to appeal his conviction, trial counsel rather than appellate counsel has the duty to ensure that written notice of appeal is filed with the trial court. *Jones*, 98 S.W.3d at 703.