

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-54,480-02, WR-54,480-03, WR-54,480-04, WR-54,480-05, WR-54,480-06, & WR-54,480-07

### EX PARTE ROY GUZMAN JR, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 16-06-12012-CR, 17-08-12519-CR, 17-08-12518-CR, 17-05-12408-CR, 16-05-11963-CR, & 17-08-12517-CR IN THE 38TH DISTRICT COURT FROM MEDINA COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted in six different cases: two manufacture/delivery of a controlled substance, one possession of a firearm by a felon, two aggravated assault against a public servant, and one engaging in organized criminal activity. He was sentenced to twenty years' imprisonment for each manufacture/delivery offense, twenty years' imprisonment for the possession of a firearm offense, sixty years' imprisonment for one of the aggravated assault offenses, fifty-five years' imprisonment for the other aggravated assault offense, and twenty-five years' imprisonment for the engaging offense. The Fourth Court of Appeals dismissed his appeals for want of jurisdiction.

*Guzman v. State*, Nos. 04-19-00678-CR, 04-19-00679-CR, 04-19-00680-CR, 04-19-00681-CR, 04-19-00682-CR, & 04-19-00683-CR (Tex. App.—San Antonio, Dec. 18, 2019) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In six almost identical applications, Applicant contends that he was denied his right to an appeal in each of these six cases because trial counsel, among other things, failed to timely file a notice of appeal. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant had a right to appeal the instant convictions, and if so, whether he was denied his right to an appeal because trial counsel was ineffective. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's

findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:March 9, 2022
Do not publish