

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,586-01

### EX PARTE JOHNNY RICHARDSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1624475-A IN THE 179TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to forty years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On May 26, 2021, this Court remanded this matter to the trial court to obtain an affidavit from trial counsel and to make findings of fact addressing Applicant's claims. The trial court has made findings and recommends that this Court deny relief. However, the trial court's findings do not adequately address Applicant's allegation that counsel failed to advise him of his right to appeal and failed to file a notice of appeal, despite being put on notice that Applicant desired to appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *See Garza v. Idaho*, 139

S. Ct. 738, 748, 749–50 (2019); *Jones v. State*, 98 S.W.3d 700, 703-04 (Tex. Crim. App. 2003). In these circumstances, additional findings are needed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to file a supplemental affidavit responding to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make supplemental findings of fact and conclusions of law as to whether Applicant was denied his right to an appeal, regardless of the fact he pleaded guilty, because trial counsel failed to timely file a notice appeal. The trial court shall make specific findings addressing whether trial counsel ascertained if Applicant wished to appeal. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make supplemental findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, counsel's supplemental affidavit, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 6th, 2022

Do not publish