

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,486-01

**EX PARTE ALEX CENICEROS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 20170D03795-171-1 IN THE 171ST DISTRICT COURT
## FROM EL PASO COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of one count of manslaughter, one count of an accident involving death, and one count of tampering with evidence and sentenced to twenty years' imprisonment on the first two counts and ten years' imprisonment on the third. The Eighth Court of Appeals dismissed his appeal for want of jurisdiction. *Ceniceros v. State*, No. 08-19-00189-CR (Tex. App.—El Paso Aug. 7, 2019)(not designated for publication). He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because counsel failed to timely file a notice of appeal. Based on the record, the trial court has found that counsel failed to timely file

a notice of appeal.

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of his conviction in cause number 20170D3795 from the 171st District Court of El Paso County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: June 22, 2022
Do not publish