

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,554-01

### EX PARTE DYLAN WADE O'BRIANT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 15-07-11740-1-CR IN THE 454TH DISTRICT COURT FROM MEDINA COUNTY

*Per curiam*.

### O P I N I O N

Applicant was convicted of sexual assault of a child and indecency with a child and sentenced to consecutive terms of 18 years and 8 years' imprisonment. The Fourth Court of Appeals dismissed his direct appeal. *O'Briant v. State,* No. 04-20-00381-CR (Tex. App.–San Antonio, Sept. 30, 2020). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied the right to pursue a direct appeal because appellate counsel failed to demonstrate that the trial court's certification that Applicant had no right to appeal was defective, or to file an amended certification showing a right to appeal. The trial court finds and concludes that it consistently intended to permit Applicant to appeal from punishment. The trial court

was unaware that the appellate court required an amended certification of Applicant's right to appeal. The court concludes that the appeal was dismissed through no fault of Applicant. The trial court has determined that Applicant is entitled to pursue an out-of-time appeal.

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of the judgment of conviction in cause number 15-07-11740-CR from the 454th District Court of Medina County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: October 12, 2022
Do not publish