

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-94,068-02

### EX PARTE STEWART RAY POWELL, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 1098422-A IN THE 183RD DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. NEWELL, J. concurred.

### O P I N I O N

Applicant was convicted of driving while intoxicated, third or more, and sentenced to eighteen years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he was denied his right to an appeal because trial counsel failed to timely file a notice of appeal. On September 14, 2009, the trial court entered an order designating issues and seeking an affidavit from both trial and appellate counsels. After no further action on the trial court's part, the district clerk forwarded this applications to this Court under Texas Rule of Appellate Procedure 73.4(b)(5) in August 2022.

The record reflects that Applicant informed counsel that he wished to appeal and appellate

counsel was appointed, but not until approximately 60 days had passed. Appellate counsel could not file a notice of appeal and Applicant filed this habeas application to obtain an out of time appeal, but no timely action was taken by the county. Based on this Court's review of the record, we find Applicant is entitled to relief.

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of his conviction in cause number 1098422 from the 183rd District Court of Harris County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Because we grant relief in the form of an out-of-time appeal, Applicant's remaining claims challenging his conviction are dismissed. *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered: December 21, 2022
Do not publish