

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-94,402-01

### EX PARTE JAMES ANTHONY GUTIERREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 366-81270-2021-HC IN THE 366TH DISTRICT COURT
### COLLIN COUNTY

SLAUGHTER, J., filed a concurring opinion.

## CONCURRING OPINION

While I join in the Court's decision to grant Applicant postconviction habeas relief in the form of an out-of-time appeal, I must address an issue that underlies far too many ineffective assistance of counsel cases before us.

Following his conviction for aggravated assault, Applicant informed trial counsel of his intent to file a direct appeal. However, trial counsel never filed a notice of appeal on Applicant's behalf. Instead, in an affidavit, trial counsel explains that he believed appellate counsel's appointment "was automatic" and that appellate counsel would file the notice of appeal upon being appointed. It was not until several months after Applicant's conviction

that trial counsel finally realized that no appellate counsel had been appointed, at which point he filed a motion to withdraw. The trial court then appointed appellate counsel, but by that time the window for filing a timely notice of appeal had expired. Appellate counsel has now filed the present application seeking the opportunity to file an out-of-time appeal on Applicant's behalf, and the Court rightly grants the requested relief.

These circumstances highlight an unfortunate recurring theme in our postconviction habeas review. It appears that many attorneys are failing to fulfill their obligations at the conclusion of their representation, resulting in harm to their clients who are then prevented from pursuing appellate review of their convictions. Here, trial counsel mistakenly believed that it was not his duty to file a notice of appeal on Applicant's behalf. However, we have explained over and over again that filing the notice of appeal is one of several duties that trial counsel must fulfill at the conclusion of his representation. *See Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) ("[T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning [the] meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal."); *see also Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (stating that "[i]f the defendant decides to appeal, the [trial] attorney must ensure that written notice of appeal is filed with the trial court"). Here, in addition to depriving Applicant of his right to pursue a direct appeal, counsel's error has also now resulted in the habeas court and this Court having to

expend resources to undo the effects of counsel's mistake. Thus, this case serves as a reminder that trial counsel's role at the postconviction stage—including filing a motion for new trial, if any; filing a timely notice of appeal; filing a motion to withdraw if counsel will not be completing the appeal; and advising the client on the next steps to pursue an appeal if desired—is critical for ensuring that a defendant's right to appeal is properly preserved.[1] Failure to fulfill these obligations is not only unprofessional and unfair to clients, but it also wastes judicial resources by spawning the type of corrective postconviction litigation before us here. Though I recognize that we are all human beings who make mistakes, this "mistake" must be one of willful ignorance given the number of times this Court has stated that it is trial counsel's obligation to file a notice of appeal should his or her client request an appeal. Based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to again bring attention to this issue so that attorneys may be reminded of the effect of failing to stay on top of their responsibilities and take steps to prevent such problems from arising in the future.[2]

---

[1] *See* American Bar Association, Criminal Justice Standards, Defense Function, Standard 4.9-1(a)-(d), "Preparing to Appeal" ("If a client is convicted, defense counsel should explain to the client the meaning and consequences of the court's judgment and the client's rights regarding appeal . . . . Defense counsel should take whatever steps are necessary to protect the client's rights of appeal, *including filing a timely notice of appeal in the trial court, even if counsel does not expect to continue as counsel on appeal.* Defense counsel should explain to the client that the client has a right to counsel on appeal (appointed, if the client is indigent), and that there are lawyers who specialize in criminal appeals. Defense counsel should candidly explore with the client whether trial counsel is the appropriate lawyer to represent the client on appeal, or whether a lawyer specializing in appellate work should be consulted, added or substituted.") (emphasis added).

[2] *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of

With these comments, I join the Court's opinion granting Applicant relief.

Filed: January 11, 2023

Publish

---

Professional Conduct should take appropriate action."). My hope is that attorneys will implement practices that spur them to regularly check on the status of their cases so that they may fulfill their duty to meet important filing deadlines for their clients.