

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-94,564-01

### EX PARTE MICHAEL PRIETO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2015-405,988A IN THE 140TH DISTRICT COURT
### LUBBOCK COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

While I join in the Court's decision to grant Applicant postconviction habeas relief in the form of an out-of-time appeal, I feel compelled to write separately to yet again emphasize that it is *trial* counsel's duty (not appellate counsel's) to file a notice of appeal when his client expresses a desire to appeal. This issue underlies far too many ineffective-assistance-of-counsel cases before us and is a troubling sign that many trial attorneys are either unaware of, or are neglecting, their responsibilities in this regard.

In March 2016, Applicant pleaded guilty to the third-degree felony offense of domestic assault with a prior conviction[1] and was placed on community supervision for a period of six years. Several years later, in October 2021, the trial court revoked Applicant's community supervision and sentenced him to ten years' imprisonment. Although the trial court certified Applicant's right to appeal the revocation, no notice of appeal was ever filed.

In the present application, Applicant alleges that, immediately following the revocation hearing, he informed his counsel of his desire to challenge the revocation on direct appeal. Applicant further alleges that counsel advised him that he would "take steps necessary for an appeal." However, Applicant later learned that counsel took no action and that, as a result, Applicant had lost his opportunity to appeal the revocation.

In response to the allegations, revocation counsel filed an affidavit in which he confirmed that Applicant clearly communicated his desire to appeal the revocation. Counsel said that he immediately "informed the court coordinator of the trial court that [Applicant] desired to appeal and that an attorney should be appointed to represent him on appeal." Counsel continued by stating that he did not "volunteer to serve as counsel on appeal from the revocation order" and that he "considered [his] duties completed concerning [Applicant] and his case." Finally, counsel acknowledged that he did not file a notice of appeal and that he later learned no notice was ever filed.

These circumstances highlight an unfortunate recurring theme in our postconviction habeas review. Too frequently, attorneys are failing to fulfill their obligations at the

---

[1] TEX. PENAL CODE § 22.01(a)(1), (b)(2)(A).

conclusion of their representation, resulting in harm to their clients who are then prevented from pursuing appellate review of their convictions. Here, revocation counsel erroneously believed that it was not his duty to file a notice of appeal on Applicant's behalf following the revocation hearing, explaining that he believed his duties to Applicant were finished. However, we have repeatedly explained that filing the notice of appeal is one of several obligations that trial counsel must fulfill at the conclusion of his representation. *See, e.g.*, *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) ("[T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning [the] meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal."); *see also Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (stating that "[i]f the defendant decides to appeal, the [trial] attorney must ensure that written notice of appeal is filed with the trial court").

In addition to depriving Applicant of his right to pursue a direct appeal, counsel's error has also now resulted in the habeas court and this Court having to expend resources to undo the effects of counsel's mistake. Thus, this case serves as a reminder that trial counsel's role at the conclusion of the proceedings—including filing a motion for new trial, if any; filing a timely notice of appeal; filing a motion to withdraw if counsel will not be completing the appeal; and advising the client on the next steps to pursue an appeal if

desired—is critical for ensuring that a defendant's right to appeal is properly preserved.[2]

Failure to fulfill these obligations is not only unprofessional and unfair to clients, but it also wastes judicial resources by spawning the type of corrective postconviction litigation before us here. Though I recognize that we are all human beings who make mistakes, mistakes like this one have become inexcusable given the number of times this Court has addressed this issue. Based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to again bring attention to this issue so that attorneys may be reminded of the effect of failing to stay on top of their responsibilities and take steps to prevent such problems from arising in the future.[3]

With these comments, I join the Court's opinion granting Applicant relief.

Filed: March 29, 2023

Publish

---

[2] *See* American Bar Association, Criminal Justice Standards, Defense Function, Standard 4.9-1(a)-(d), "Preparing to Appeal" ("If a client is convicted, defense counsel should explain to the client the meaning and consequences of the court's judgment and the client's rights regarding appeal . . . . Defense counsel should take whatever steps are necessary to protect the client's rights of appeal, *including filing a timely notice of appeal in the trial court, even if counsel does not expect to continue as counsel on appeal.* Defense counsel should explain to the client that the client has a right to counsel on appeal (appointed, if the client is indigent), and that there are lawyers who specialize in criminal appeals. Defense counsel should candidly explore with the client whether trial counsel is the appropriate lawyer to represent the client on appeal, or whether a lawyer specializing in appellate work should be consulted, added or substituted.") (emphasis added).

[3] *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). My hope is that attorneys will implement practices that spur them to regularly check on the status of their cases so that they may fulfill their duty to meet important filing deadlines for their clients.