

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-93,509-01

### EX PARTE JOHN PAUL MANUEL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W14-76843-J(A) IN THE CRIMINAL DISTRICT COURT NO. 3
### DALLAS COUNTY

SLAUGHTER, J., filed a concurring opinion.

### <u>CONCURRING OPINION</u>

While I join in the Court's decision to grant Applicant postconviction habeas relief in the form of an out-of-time appeal, I feel compelled to write separately to yet again emphasize that it is *trial* counsel's duty (not appellate counsel's) to file a notice of appeal when his client expresses a desire to appeal. This issue underlies far too many ineffective-assistance-of-counsel cases before us and is a troubling sign that many trial attorneys are either unaware of, or are neglecting, their responsibilities in this regard.

In December 2015, Applicant pleaded guilty to murder[1] without an agreement as to punishment. Applicant's guilty plea was accepted by the trial court and he was sentenced to 40 years' imprisonment. The court then certified Applicant's right to appeal the sentence. However, no notice of appeal was ever filed.

In his writ application, Applicant alleges that he informed trial counsel of his desire to appeal the sentence and asserts that trial counsel promised to file the notice of appeal. In support, Applicant attaches an affidavit from his father alleging that counsel indicated he would "file an appeal immediately." Applicant's father asserts that: he repeatedly attempted to contact trial counsel about the status of the appeal but did not receive any response; and that, several months after the sentencing hearing, he ran into trial counsel and again inquired into the status of Applicant's appeal; trial counsel advised him that "the appeal was being handled" and he should call his office to discuss the matter further. After this last interaction, Applicant's father was never able to reach trial counsel.

In response to the allegations, trial counsel filed an affidavit in which he confirmed that Applicant clearly communicated his desire to appeal. Counsel states that he had Applicant sign a Pauper's Oath stating that he did not have funds to file an appeal, which counsel filed with the clerk's office. Counsel further states, "Since it was the policy of this particular Court to appoint a different attorney to handle appellate matters, I felt my obligations had been met. If I was aware his appellate rights had not been protected, I

---

[1] TEX. PENAL CODE § 19.02.

certainly would have taken action. I would never have knowingly denied [Applicant] any of his rights."

The statement by trial counsel that he believed it was the obligation of appellate counsel to file the notice of appeal seems to be a widespread ignorance of a well-established trial-counsel obligation that is an unfortunate recurring theme in our postconviction habeas review. We have repeatedly explained that filing the notice of appeal is one of several obligations that trial counsel must fulfill at the conclusion of his representation. *See, e.g.,* *Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) ("[T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning [the] meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal."); *see also Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (stating that "[i]f the defendant decides to appeal, the [trial] attorney must ensure that written notice of appeal is filed with the trial court"). Yet, too frequently, attorneys are failing to fulfill their obligations at the conclusion of their representation, resulting in harm to their clients who are then prevented from pursuing appellate review of their convictions.

In addition to depriving Applicant of his right to pursue a direct appeal, counsel's error has also now resulted in the habeas court and this Court having to expend resources to undo the effects of counsel's mistake. Thus, this case serves as a reminder that trial counsel's role at the conclusion of the proceedings—including filing a motion for new trial,

if any; filing a timely notice of appeal; filing a motion to withdraw if counsel will not be completing the appeal; and advising the client on the next steps to pursue an appeal if desired—is critical for ensuring that a defendant's right to appeal is properly preserved.[2] Failure to fulfill these obligations is not only unprofessional and unfair to clients, but it also wastes judicial resources by spawning the type of corrective postconviction litigation before us here. Though I recognize that we are all human beings who make mistakes, this type of error is not a simple mistake given the number of times this Court has addressed this very issue—it is borderline willful ignorance of an attorney's necessary obligations to his clients. Because of the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to yet again bring attention to this issue so that attorneys may continue to be reminded of the effect of failing to stay on top of their responsibilities and take steps to prevent such problems from arising in the future.[3, 4]

---

[2] *See* American Bar Association, Criminal Justice Standards, Defense Function, Standard 4.9-1(a)-(d), "Preparing to Appeal" ("If a client is convicted, defense counsel should explain to the client the meaning and consequences of the court's judgment and the client's rights regarding appeal . . . . Defense counsel should take whatever steps are necessary to protect the client's rights of appeal, *including filing a timely notice of appeal in the trial court, even if counsel does not expect to continue as counsel on appeal.* Defense counsel should explain to the client that the client has a right to counsel on appeal (appointed, if the client is indigent), and that there are lawyers who specialize in criminal appeals. Defense counsel should candidly explore with the client whether trial counsel is the appropriate lawyer to represent the client on appeal, or whether a lawyer specializing in appellate work should be consulted, added or substituted.") (emphasis added).

[3] *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). My hope is that attorneys will implement practices that spur them to regularly check on the status of their cases so that they may fulfill their duty to meet important filing deadlines for their clients.

[4] More generally, I also note here that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex.

With these comments, I join the Court's opinion granting Applicant relief.

Filed: April 5, 2023

Publish

---

Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, "in representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer." *Id*. R. 1.01(b)(1). Ultimately, appellate counsel's failure to adequately communicate with clients about their direct appeals is unfair to clients and falls short of the standard for professionalism set forth in the disciplinary rules.