

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,904-01

**EX PARTE JEREMY WARREN, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W20-00088-K(A) IN THE CRIMINAL DISTRICT COURT NO. 4
### FROM DALLAS COUNTY

*Per curiam*. SLAUGHTER, J. filed a concurring opinion.

### O P I N I O N

A jury convicted Applicant of murder and assessed a 60-year prison sentence. Applicant, through habeas counsel, filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because counsel failed to timely file a notice of appeal. After a remand from this Court, the trial court finds, "[A]pplicant was denied his right to timely file a notice of appeal of his murder conviction in which he was sentenced to sixty years confinement. [The] failure to file a timely notice of appeal was through no fault of Applicant."

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of his conviction

in cause number F-2000088-K from the Criminal District Court No. 4 of Dallas County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: May 31, 2023
Do not publish