

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,789-01

### EX PARTE THOMAS ANTHONY GUTIERREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-53583-A IN THE 385TH DISTRICT COURT
### FROM MIDLAND COUNTY

*Per curiam.* SLAUGHTER, J., filed a concurring opinion.

## O P I N I O N

Applicant was convicted of one count of assault family violence, two counts of indecency with a child, and five counts of sexual assault of a child. He was sentenced to 10 years' imprisonment on the family violence count; 20 years' imprisonment on the indecency counts; and life on the sexual assault counts. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because counsel failed to timely file a notice of appeal. Based on the record, the trial court has found that counsel failed to timely file a notice of appeal.

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of his conviction in cause number CR53583 from the 385th District Court of Midland County. It appears that Applicant is represented by counsel. If Applicant is not represented by counsel, then within ten days from the date of this Court's mandate the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:     August 23, 2023
Do not publish