

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-94,789-01

## EX PARTE THOMAS ANTHONY GUTIERREZ, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR-53583-A IN THE 385TH DISTRICT COURT
## MIDLAND COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

## <u>CONCURRING OPINION</u>

While I join in the Court's decision to grant Applicant postconviction habeas relief in the form of an out-of-time appeal, I feel compelled to write separately yet again to emphasize the importance of counsel's duty to file a timely notice of appeal when his client expresses a desire to appeal. This issue underlies far too many ineffective-assistance-of-counsel cases before us and is a troubling sign that many attorneys are either unaware of

the proper procedures for filing a notice of appeal or are aware of such requirements but are failing to stay on top of their responsibilities to clients.

On July 11, 2022, a jury found Applicant guilty of various charges and sentenced him to multiple terms of imprisonment.[1] After entering the judgments, the trial court certified Applicant's right of appeal. Soon after, Applicant retained appellate counsel for the purpose of appealing the convictions and sentences. On August 9th, Appellate counsel timely filed a motion for new trial. This timely motion extended the window for filing a notice of appeal in the trial court. The deadline thus became 90 days after Applicant's sentences were imposed in open court.[2]

Appellate counsel, aware that trial counsel had not filed any notice of appeal on Applicant's behalf,[3] intended to file such notice himself. But, he failed to do so until October 28th—109 days after Applicant's sentences were imposed. Such failure occurred because appellate counsel mistakenly believed that the deadline for filing the notice of appeal was 90 days after the filing of the motion for new trial, rather than 90 days from the date of sentencing. As a result of counsel's mistake, the court of appeals was forced to dismiss the appeal for want of jurisdiction. *Gutierrez v. State*, No. 11-22-00297-CR, 2022

---

[1] Applicant was found guilty of seven charges: one count of assault family violence by strangulation, four counts of sexual assault of a child, and two counts of indecency with a child. TEX. PENAL CODE §§ 21.11(d); 22.01(b)(2)(B); 22.011(a)(2). Applicant received a sentence of ten years' imprisonment for the assault charge; four life sentences on the sexual-assault-of-a-child charges; and twenty years' imprisonment each on the indecency charges.

[2] Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal must be filed either within 30 days after the date the sentence is imposed in open court, or if a timely motion for new trial is filed, within 90 days after the date the sentence is imposed. TEX. R. APP. P. 26.2(a).

[3] The record is not fully developed with respect to when appellate counsel was retained and when he learned that no notice of appeal had been filed by trial counsel.

WL 17346109, at *1 (Tex. App.—Eastland Dec. 1, 2022) (mem. op., not designated for publication). Applicant, through appellate counsel, then filed the instant application for a postconviction writ of habeas corpus seeking the ability to pursue an out-of-time appeal.

While it is regrettable that retained appellate counsel failed to timely file the notice of appeal based on his misunderstanding of the applicable deadlines, the outcome here may have been avoided entirely if *trial counsel* had simply ensured that the notice of appeal was filed at the conclusion of his representation. Indeed, as this Court has repeatedly indicated, and as I have emphasized in several recent opinions, it is principally the duty of trial counsel (not appellate counsel) to ensure that the notice of appeal is timely filed upon the conclusion of the trial proceedings if the defendant expresses a desire to appeal. *See*, *e.g.*, *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (stating that "[i]f the defendant decides to appeal, the [trial] attorney *must ensure that written notice of appeal is filed with the trial court*") (emphasis added). In *Jones*, we recognized that in many instances the trial attorney will not be representing the defendant on appeal, and in those situations, trial counsel should present to the court the defendant's signed *pro se* notice of appeal alongside counsel's motion to withdraw. *See id.* ("A 'contemporaneous' presentation of the pro se notice with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal.").[4] Even if a defendant ultimately intends to retain appellate counsel for purposes of pursuing an appeal, there is no reason to delay the filing

---

[4] In *Jones*, we further explained that to satisfy his duties, trial counsel may either "sign the notice himself, in which case, he effectively 'volunteers' to serve as appellate counsel," or, "the defendant may file the notice pro se, which serves as an indication that trial counsel does not wish to pursue his client's appeal." *Jones*, 98 S.W.3d at 703 (citation and internal quotation marks omitted).

of the notice of appeal until appellate counsel becomes the official attorney of record. Countless times we have seen miscommunication between trial and appellate counsel or a delay in retaining or appointing appellate counsel which then results in the defendant missing the deadline for filing his notice of appeal. Because of this risk, trial counsel should take the simple step of ensuring that the defendant's appellate rights are immediately protected by presenting the notice of appeal alongside counsel's motion to withdraw.

To be clear, I do not mean to suggest that appellate counsel is blameless here; a prudent appellate attorney should always ensure that the notice of appeal has in fact been timely filed. If counsel is unsure whether the notice has been filed, he should check with trial counsel and/or the trial court. If, as here, counsel knows that trial counsel *did not* file a notice of appeal and he takes on the responsibility of doing so himself, he should verify the applicable filing deadlines and comply with them. Thus, although as a policy matter, I urge trial attorneys to fulfill their obligation of filing notices of appeal to avoid these types of problems, I recognize that, under the circumstances, appellate counsel bears the ultimate responsibility for the mistake that occurred here.

As a final note, while counsel's mistake here can be "fixed" by allowing Applicant to file an out-of-time appeal, this "fix" is not without consequences. In addition to significantly delaying resolution of Applicant's direct appeal, counsel's error has also now resulted in the habeas court, the court of appeals, and this Court having to expend resources to undo the effects of counsel's error. While we are all human beings who make mistakes, based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention to this issue

so that attorneys may be reminded of the effect of failing to stay on top of their responsibilities.[5] It is my hope that both trial and appellate attorneys will adopt procedures to help reduce the need for such corrective postconviction litigation in the future.

     With these comments, I join the Court's opinion granting Applicant relief.

Filed: August 23, 2023

Publish

---

[5] *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action.").