

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-92,747-02 & WR-92,747-03

### EX PARTE JUAN MARQUEZGONZALEZ, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W-1776747-A & W-1900401-B IN THE 204TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*. **SLAUGHTER, J., filed a concurring opinion.**

### O P I N I O N

Applicant was convicted of two aggravated sexual assault of a child less than fourteen years old offenses. He was sentenced to twenty five years' imprisonment for the first offense and thirty five years' imprisonment for the second. He filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because counsel failed to timely file a notice of appeal, and failed to inform him of his right to appointed counsel and a free appellate record. Based on the record, the trial court has found that counsel failed to timely file a notice of appeal and failed to inform Applicant of his right to appointed counsel on appeal.

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file out-of-time appeals of his convictions in cause numbers F-1776747-Q & F-1900401-Q from the 204th District Court of Dallas County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: September 13, 2023
Do not publish