

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. WR-94,922-02

---

### EX PARTE MARCUS DEWAYNE JOSHUA, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 21-0005CR IN THE 87TH DISTRICT COURT
### FROM LEON COUNTY

---

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

While I join in the Court's decision to grant Applicant post-conviction habeas corpus relief in the form of an out-of-time appeal, I feel compelled to write separately, yet again, to emphasize the importance of counsel's duty to file a timely notice of appeal when the defendant expresses a desire to appeal. This issue underlies far too many ineffective-assistance-of-counsel cases before us and is a troubling sign that many attorneys are either

unaware of the proper procedures for filing a notice of appeal, or are aware of such requirements but are failing to stay on top of their responsibilities to clients.

## I.     Background

On November 15, 2022, a jury convicted Applicant of capital murder and sentenced him to life imprisonment without the possibility of parole. After entering the judgment, the trial court certified Applicant's right to appeal. The original deadline for filing a notice of appeal was December 15, 2022—30 days after the sentence was imposed. *See* TEX. R. APP. P. 26.2(a)(1). However, trial counsel never filed a notice of appeal before withdrawing from the case.

Following trial counsel's withdrawal, the trial court appointed initial appellate counsel to handle Applicant's direct appeal. On December 5, 2022, initial appellate counsel filed a timely motion for new trial. This extended the deadline for filing a notice of appeal in the trial court by 60 days. *See* TEX. R. APP. P. 26.2(a)(2). Thus, the deadline for filing a notice of appeal became February 13, 2023—90 days after Applicant's sentence was imposed.

Two weeks after filing the motion for new trial, initial appellate counsel withdrew, and the trial court appointed new appellate counsel to take over Applicant's direct appeal. New appellate counsel was aware that neither of the two preceding attorneys had filed a notice of appeal, and she intended to file such notice herself. However, she failed to do so until February 21, 2023—98 days after Applicant's sentence was imposed.

On March 6, 2023, the court of appeals notified Applicant that his appeal was subject to dismissal because the notice of appeal appeared to be untimely. *Joshua v. State*,

No. 10-23-00054-CR, 2023 WL 2528599, at *1 (Tex. App.—Waco Mar. 15, 2023, no pet.) (mem. op., not designated for publication). The court gave applicant 14 days to file a response showing grounds for continuing the appeal. *Id.* In response, on March 9, 2023, new appellate counsel filed with the trial court a "Request to Accept Late Filing of Defendant's Notice of Appeal." *Id.* In this document, counsel explained that her failure to file a timely notice of appeal was the result of a "regrettable clerical error" that caused her to mis-calendar Applicant's case upon being appointed.[1] The court of appeals treated the filing as a motion to extend the time to file a notice of appeal. *Id.* However, because the motion was not filed within 15 days of the deadline for filing the notice of appeal, the court of appeals determined that it was untimely, such that the court had no choice but to dismiss Applicant's appeal for want of jurisdiction. *Id.* Applicant then filed the instant application for a writ of habeas corpus, seeking the ability to pursue an out-of-time appeal.

## II. Trial and Appellate Counsel's Post-Judgment Duties

While it is regrettable that appellate counsel failed to timely file the notice of appeal based on her mistaken calculation of the applicable deadline, this situation could have been avoided altogether if *trial counsel* had simply ensured that the notice of appeal was filed at the conclusion of his representation. Indeed, as this Court has repeatedly indicated, and as I have emphasized in numerous recent opinions, it is principally the duty of trial counsel (not appellate counsel) to ensure that the notice of appeal is timely filed upon the

---

[1] Specifically, appellate counsel explained that this mistake was the result of having inherited multiple cases, in various stages of the appellate process, from Applicant's initial appellate counsel after he was appointed as a trial judge by the governor.

conclusion of the trial proceedings if the defendant expresses a desire to appeal. *See, e.g.,* *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (stating that "[i]f the defendant decides to appeal, the [trial] attorney *must ensure that written notice of appeal is filed with the trial court*.") (emphasis added).[2] In *Jones*, we recognized that in many instances the trial attorney will not be representing the defendant on appeal, and in those situations, trial counsel should present to the court the defendant's signed *pro se* notice of appeal alongside counsel's motion to withdraw. *See id.* ("A 'contemporaneous' presentation of the pro se notice with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal.").[3] There is no valid reason to delay the filing of the notice of appeal until appellate counsel becomes the official attorney of record. Countless times we have seen miscommunication between trial and appellate counsel, or a delay in retaining or appointing appellate counsel, which then results in the defendant missing the deadline for filing his notice of appeal. Because of this risk, trial counsel should take the simple step of ensuring that the defendant's appellate rights are immediately protected by

---

[2] *See also* American Bar Association, Criminal Justice Standards, Defense Function, Standard 4.9-1(a)-(d), "Preparing to Appeal" ("If a client is convicted, defense counsel should explain to the client the meaning and consequences of the court's judgment and the client's rights regarding appeal . . . . Defense counsel should take whatever steps are necessary to protect the client's rights of appeal, *including filing a timely notice of appeal in the trial court, even if counsel does not expect to continue as counsel on appeal.* Defense counsel should explain to the client that the client has a right to counsel on appeal (appointed, if the client is indigent), and that there are lawyers who specialize in criminal appeals. Defense counsel should candidly explore with the client whether trial counsel is the appropriate lawyer to represent the client on appeal, or whether a lawyer specializing in appellate work should be consulted, added or substituted.") (emphasis added).

[3] In *Jones*, we further explained that to satisfy his duties, trial counsel may either "sign the notice himself, in which case, he effectively 'volunteers' to serve as appellate counsel," or, "the defendant may file the notice pro se, which serves as an indication that trial counsel does not wish to pursue his client's appeal." *Jones*, 98 S.W.3d at 703 (citation and internal quotation marks omitted).

presenting the notice of appeal alongside counsel's motion to withdraw. Had trial counsel done so here, Applicant's right of appeal would have been protected long before his second appellate attorney was even appointed to the case, thereby preventing the error that ultimately occurred.

In spite of the foregoing, I do not mean to suggest that appellate counsel is blameless here; a prudent appellate attorney should always ensure that the notice of appeal has, in fact, been timely filed. If counsel is unsure whether the notice has been filed, she should check with trial counsel and/or the trial court. And if, as here, appellate counsel knows for certain that trial counsel *did not* file a notice of appeal, and she takes on the responsibility of doing so herself, she should verify the applicable filing deadlines and comply with them. Thus, although as a policy matter, I urge trial attorneys to fulfill their obligation of filing notices of appeal to avoid these types of problems, I recognize that, under the circumstances, appellate counsel bears the ultimate responsibility for the mistake that occurred here.

As a final note, while counsel's mistake here can be "fixed" by allowing Applicant to file an out-of-time appeal, this "fix" is not without consequences. In addition to significantly delaying resolution of Applicant's direct appeal, counsel's error has also now resulted in the habeas court, the court of appeals, and this Court having to expend resources to undo the effects of counsel's error. While we are all human beings who make mistakes, based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to stay on top of their

responsibilities.[4] It is my hope that both trial and appellate attorneys will implement practices to help reduce the need for such corrective post-conviction litigation in the future.

With these comments, I join the Court's opinion granting Applicant relief.

Filed: October 25, 2023

Publish

---

[4] *See* Tex. Code Judicial Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action.").