

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,500-01

### EX PARTE DAVID HAMPTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. DC-2022-CR-0919-A IN THE 137TH DISTRICT COURT OF LUBBOCK COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

## <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant post-conviction habeas corpus relief in the form of an out-of-time appeal, but I feel compelled to write separately to once again emphasize that trial attorneys have an obligation to file a written notice of appeal when their clients express a desire to appeal. This issue underlies far too many ineffective-assistance-of-counsel cases before us and is a troubling sign that many trial attorneys are either unaware of, or are neglecting, their responsibilities in this regard.

## I. Background

In September 2023, Applicant entered an open plea to the trial court for the offense of murder,[1] and the trial court sentenced him to 50 years' imprisonment. The trial court certified Applicant's right to appeal, but no notice of appeal was filed.

In his writ application, Applicant alleges that he timely informed trial counsel of his desire to appeal,[2] but because trial counsel failed to file a notice of appeal, he lost his right to a direct appeal. In support, Applicant attaches an affidavit from his second-chair trial counsel, which confirms that at least two of the trial attorneys were aware of Applicant's desire to appeal, and that no notice of appeal was filed.

In response to the allegations, the habeas court ordered first-chair trial counsel, Phillip A. Johnson to provide an affidavit. Johnson chose to ignore the court's order. With no response from first-chair trial counsel, the habeas court had to resolve Applicant's claim based solely on the allegations in the application and second-chair trial counsel's affidavit. Accordingly, the habeas court recommended that this Court grant Applicant habeas relief in the form of an out-of-time appeal based on ineffective assistance of trial counsel.

## II.    Discussion

These circumstances highlight two unfortunate, recurring themes in our post-conviction habeas review of ineffective-assistance claims. First, it appears that some attorneys are struggling to stay on top of their obligations at the conclusion of their representation, resulting in harm to clients who are prevented from pursuing the next stage

---

[1] *See* TEX. PENAL CODE § 19.02.

[2] The trial court appointed three attorneys to jointly represent Applicant. The record shows that Applicant informed all three attorneys that he wanted to appeal. However, the record contains insufficient information to determine which of those attorneys was primarily responsible for filing the notice of appeal, and the habeas court did not make a specific finding on that issue.

of appellate review. And second, a subset of those attorneys apparently believe it is acceptable to ignore a habeas court's order to provide an affidavit, thereby hindering the judicial system's ability to resolve ineffective-assistance claims.

### A.    Trial Counsel's Obligation to file a Written Notice of Appeal

As this Court indicated more than 30 years ago, in *Ex parte Axel*, a trial attorney's obligations to a defendant do not terminate at the end of trial; rather, trial attorneys have various duties that they must fulfill at the conclusion of trial proceedings:

> [T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal *and taking other steps to pursue an appeal*, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal.

*Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) (emphasis added).[3] The rationale for this rule is that trial attorneys are in the best position to ensure that the defendant's appellate rights are immediately protected following conviction. *Id.* at 373 ("Indeed, we are convinced that trial counsel is not only the best source of such advice but also that it is his duty as an attorney to give it, to the end that his client gains a full

---

[3] *See also* American Bar Association, Criminal Justice Standards, Defense Function, Standard 4.9-1(a)–(d), "Preparing to Appeal" ("If a client is convicted, defense counsel should explain to the client the meaning and consequences of the court's judgment and the client's rights regarding appeal . . . . Defense counsel should take whatever steps are necessary to protect the client's rights of appeal, including filing a timely notice of appeal in the trial court, even if counsel does not expect to continue as counsel on appeal. Defense counsel should explain to the client that the client has a right to counsel on appeal (appointed, if the client is indigent), and that there are lawyers who specialize in criminal appeals. Defense counsel should candidly explore with the client whether trial counsel is the appropriate lawyer to represent the client on appeal, or whether a lawyer specializing in appellate work should be consulted, added or substituted.").

understanding of relevant considerations in determining whether to pursue an appeal, as well as procedural requisites for giving notice of appeal and the like.").

Specifically emphasizing the importance of a trial attorney's role in filing the written notice of appeal, we have stated, "If the defendant decides to appeal, the [trial] attorney *must ensure that written notice of appeal is filed with the trial court*." *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (emphasis added). This is true even if, as is often the case, the trial attorney will not be representing the defendant on appeal. In those situations, the defendant should sign a *pro se* notice of appeal, which the trial attorney should then file alongside the motion to withdraw. *Id.* (stating that, if the trial attorney will not be representing the defendant on appeal, "the defendant may file the notice pro se, which serves as an indication that trial counsel does not wish to pursue his client's appeal") (internal citation and quotation marks omitted). This places the trial court on actual notice of the defendant's desire to appeal and of his potential need for appointed appellate counsel. *Id.* ("A 'contemporaneous' presentation of the pro se notice with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal.").[4]

Despite the unambiguous Rules of Appellate Procedure and our clear and consistent instructions on this matter over the years, many trial attorneys continue to fail to fulfill their duties at the post-trial stage—particularly by failing to timely file a written notice of appeal, which then results in the loss of the defendant's appellate rights. In this case, it is readily apparent that at least two of Applicant's trial attorneys were aware that Applicant desired

---

[4] Of course, if trial counsel will be representing the defendant on appeal, "[h]e may sign the notice himself, in which case, he effectively 'volunteers' to serve as appellate counsel." *Jones*, 98 S.W.3d at 703.

to appeal because Applicant's second-chair trial counsel provided an affidavit confirming that allegation. Nevertheless, none of Applicant's trial attorneys filed a notice of appeal as the Rules of Appellate Procedure require. *See* TEX. R. APP. P. 25.2(b), (c)(1); *see also Jones*, 98 S.W.3d at 703 n.2.

While there is no evidence in the habeas record addressing why no notice of appeal was filed in this case, I agree with the habeas court's determination that no further development of the record is required under the circumstances. It is apparent that Applicant expressed his desire to appeal and that his trial attorneys, for whatever reason, failed to comply with the Rules and the requirements of *Axel* and *Jones* described above, resulting in a failure to protect Applicant's appellate rights. Because Applicant was deprived of his opportunity to appeal through no fault of his own, the habeas court and this Court correctly conclude that he is entitled to an out-of-time appeal based on the existing record.

As a final observation on this issue, I would note that while trial counsel's mistake in this case can be "fixed" by allowing Applicant to file an out-of-time appeal, this "fix" is not without consequences. In addition to significantly delaying resolution of Applicant's direct appeal, trial counsel's error has also now resulted in the State, the habeas court, and this Court having to expend resources to undo the effects of their mistake. While I recognize that we are all human beings who make mistakes, this type of error is not a simple mistake given the number of times this Court has addressed this very issue—it is borderline willful ignorance of an attorney's necessary obligations to his clients. Based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention to this issue so that attorneys may

continue to be reminded of their duties at the conclusion of trial proceedings and the effects of failing to stay on top of their responsibilities. It is my hope that attorneys will implement practices going forward to help ensure that their clients' appellate rights are preserved, thereby reducing the need for such corrective post-conviction litigation in the future.[5]

### B. Trial Counsel's Obligation to Provide an Affidavit upon Court Order

Concerning first-chair trial counsel's complete failure to comply with the habeas court's order to provide an affidavit, I have previously noted that when an attorney is ordered to provide an affidavit in response to an Applicant's habeas allegations and wholly fails to do so, he violates his obligations under the Texas Rules of Professional Conduct, as well as his oath and the Texas Lawyer's Creed. Thus, it would be appropriate for the trial court or this Court to take action and require an explanation from first-chair trial counsel. *See Ex parte Touchet*, 615 S.W.3d 160, 161 (Tex. Crim. App. 2021) (Slaughter, J., concurring) ("When lawyers (of any kind) or judges (of any kind) behave in a way that shows a clear dereliction of duty, especially that which results in some kind of harm, every member of the bar who becomes aware of it has an obligation to take action.").[6]

Though I agree wholeheartedly with the habeas court's recommendations to grant relief under the circumstances of this case, it concerns me that first-chair trial counsel will

---

[5] *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action.").

[6] Mistakes and misunderstandings are part of human nature, so I am not suggesting that every infraction deserves punishment. Attorneys and judges should usually be given the benefit of the doubt because no one is perfect. But where there is an intentional violation, egregious violation, repeated violations, or a collection of several violations, there should, at the very least, be an investigation into such conduct.

not be required to answer either for the underlying failure to file a notice of appeal or for his later failure to respond to the habeas court's order for an affidavit. Perhaps there is some justification for first-chair trial counsel's conduct, but in the absence of any response from him, this Court will never know. I continue to believe that to ensure the integrity of judicial proceedings and the accuracy of our determinations on post-conviction habeas review, trial courts and this Court should at least consider issuing a show-cause order in such situations. Allowing such non-responsiveness from attorneys to go unaddressed sends a negative message about the importance of post-conviction habeas litigation, undermines the trial court's authority, and ultimately impedes our ability to fairly decide habeas claims. Though a show-cause order is not warranted in every case, it should be considered on a case-by-case basis and particularly for intentional, egregious, or repetitive infractions.

## III.    Conclusion

With these comments, I join the Court's opinion granting Applicant relief.

Filed: May 15, 2024

Publish