

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-96,259-01

### EX PARTE KENDRICK SANDERS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. C-485-W012565-1674794-A IN THE 485TH DISTRICT COURT FROM TARRANT COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of evading arrest or detention with a vehicle and was originally placed on deferred adjudication probation. After his probation was revoked, he was sentenced to five years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because adjudication counsel erroneously filed the notice of appeal in the wrong cause number. The State and the trial court agree that Applicant is entitled to an out-of-time appeal.

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of his conviction

in cause number 1674794 from the 485th District Court of Tarrant County. It appears that Applicant is represented by counsel. However, if Applicant is not represented by counsel, the trial court shall determine, within ten days from the date of this Court's mandate, whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: January 15, 2025
Do not publish